# UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD WITVOET, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAT TUMILTY, an Illinois individual,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Richard Witvoet ("Plaintiff" or "Witvoet") brings this Class Action Complaint and Demand for Jury Trial against Defendant Pat Tumilty ("Defendant" or "Tumilty") to stop the Defendant from violating the Telephone Consumer Protection Act by placing telemarketing calls and text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Witvoet, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Witvoet is a resident of Demotte, Indiana.

2. Defendant Tumilty is an Illinois individual located in Oswego, Illinois. Tumilty conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since the Defendant is located in this District, and the Venue is proper because Defendant resides here and a substantial part of the conduct giving rise to this action was directed by the Defendant from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in July 2021 alone, at a rate of 136.3 million calls per day. www.robocallindex.com (last visited August 16, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

16. Defendant Tumilty is a full-time insurance agent.

17. Defendant Tumilty engages in telemarketing by calling and text messaging individuals.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

3

18. In cold calling consumers, Defendant places multiple unsolicited telemarketing calls and text messages to phone numbers that are registered on the National DNC, such as the Plaintiff's phone number.

19. Tumilty sends out unsolicited telemarketing calls and text messages to many individuals to generate business including the Plaintiff.

20. In response to these unwanted calls, Plaintiff Witvoet files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF WITVOET'S ALLEGATIONS

21. Plaintiff Witvoet is the subscriber and the sole user of the cell phone number ending with xxx-xxx-1707.

22. Plaintiff Witvoet registered his cell phone number on the National Do Not Call Registry on February 9, 2017.

23. Plaintiff Witvoet uses his cell phone for personal use only. It is not used for any business purposes.

24. On June 3, 2022, at 8:18 AM, Plaintiff Witvoet received a call from the Defendant from phone number 847-891-2228 to his cell phone. Plaintiff did not answer the call and received a voicemail, which said:

"Good morning Doug, this is Scotty calling from the Pat Tumilty State Farm Agency. I want to make an introduction. I received a lead that you might be interested in an auto quote. If that's so, it would be great to connect with you and discuss your needs. My direct line is 847-891-2228. You have a great rest of the day. Bye."

25. The phone number 847-891-2228 is listed as one of Defendant's phone numbers. [3]



26. On June 6, 2022, at 8:49 AM, Plaintiff Witvoet received another call from the Defendant from the phone number 847-891-2228. Plaintiff did not answer the call and received a voicemail, which said:

"Doug, this is Scotty with Pat Tumilty State Farm Agency. I just want to follow up with you. I received a lead that you might be interest in an auto quote. If that's so it would be great to connect with you and discuss your needs. My direct line is 847-891-2228. You have a great rest of the day. Bye."

27. On June 6, 2022, at 10:48 AM, Plaintiff Witvoet received a text message from the Defendant directly from phone number 847-891-2228:



---

[3] https://www.statefarm.com/agent/us/il/schaumburg/patrick-tumilty-hmwyyb722gf

28. On June 7, 2022 at 10:01 AM, Plaintiff received another call on behalf of the Defendant from the phone number 847-891-2228. Plaintiff did not answer the call and received a voicemail, which said:

"Good morning Doug, this is Scotty calling from the Pat Tumilty State Farm Agency. I just want to follow up. I received a lead that you could be interested in a few auto quotes. It would be great if I could run a few numbers by you and maybe save you a little money. My direct line is 847-891-2228. Don't hesitate to give that number a call. And you have a great rest of the day. Bye."

29. On June 7, 2022 at 12:01 PM, Plaintiff Witvoet received another text message directly from the Defendant from phone number 847-891-2228:



30. On June 9, 2022 at 12:38 PM, Plaintiff Witvoet received another text message directly from the Defendant from phone number 847-891-2228:



31. Plaintiff Witvoet did not request any auto quote or any information from the Defendant, and never consented to receiving telemarketing calls or text message solicitations from or on behalf of the Defendant.

32. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of

privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Seeking redress for these injuries, Plaintiff Witvoet, on behalf of himself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

34. Plaintiff Witvoet brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called or texted more than one time on their residential telephone number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and texted Plaintiff.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Witvoet anticipates the need to amend the Class definitions following appropriate discovery.

36. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any

7

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant Tumilty placed multiple calls and text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to place those calls;

    (b)    whether the calls to Plaintiff and other consumers were made for telemarketing purposes;

    (c)    whether the calls constitute a violation of the TCPA; and

    (d)    whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff Witvoet will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Witvoet has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Witvoet and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Witvoet nor his counsel have any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Witvoet. Additionally, the damages suffered

8

by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Witvoet and the Do Not Call Registry Class)**

40. Plaintiff Witvoet repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained

by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

45. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Witvoet, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Witvoet as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Witvoet requests a jury trial.

DATED this 9th day of August, 2022.

Respectfully Submitted,

**RICHARD WITVOET**, individually and on behalf of all those similarly situated individuals,

By: /s/ *Juneitha Shambee*
Juneitha Shambee Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL. 60202
773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative class*